GIBBONS, Circuit Judge,
concurring.
As I understand Judge Keith’s opinion, he concludes that resolving the issue of qualified immunity in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is premature in this case because at least some of plaintiffs allegations against the state officials could be sufficient to amount to a constitutional violation that was clearly established. For this reason, he concludes that plaintiff should have an opportunity to develop her allegations through discovery. To a very limited extent, I agree and thus concur in the result. But I note further that the overall thrust of plaintiffs assertions against the state officials is that they awarded a contract to CMS when they knew or should have known about prior criticisms and claims against CMS arising from its provision of inadequate medical care to Michigan prisoners. I know of no case law giving notice to supervisory officials that they can be personally liable for the inadequacies of a medical service provider with whom they contracted. Taylor v. Mich. Dept. of Corrections, 69 F.3d 76 (6th Cir.1995), on which plaintiff relies, cannot provide the requisite notice. Taylor relates to the failure of a warden, who had the duty of approving all transfers, to *285 develop transfer policies to protect vulnerable inmates, a situation quite different from that alleged here. Thus, I have serious doubt that any constitutional violation that plaintiff can support through evidence developed in discovery mil be a clearly established one of which a reasonable defendant would have known. Nevertheless, I concur because some of plaintiffs allegations are sufficiently imprecise that it is at least possible that she could develop a more traditional failure to train or other similar claim that could form a basis for liability.